IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACKIE DARELL LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-884-WKW |
| | ) | [WO] |
| | ) | |
| JUDGE CHARLES A. SHORT, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jackie Darell

Long, a pre-trial detainee currently confined at the Montgomery Detention Facility.  In this

complaint, Long challenges the constitutionality of criminal charges pending against him

before the Circuit Court of Covington County, Alabama.  Specifically, Long alleges that

he has been denied a speedy trial in violation of his constitutional rights, as the trial court

did not set his case(s) for trial within 180 days of granting his motion for speedy trial.

*Complaint - Doc. No. 1* at 3.  Long names as defendants Charles A. Short, a circuit judge

for Covington County, Alabama, and Walt M. Merrell, III, the district attorney for

Covington County.  Long seeks dismissal of the criminal charges or prompt scheduling of

a trial and the appointment of new counsel to represent him on the charges.  *Id*. at 4.

Upon thorough review of the complaint, the court concludes that this case is due to

be summarily dismissed prior to service of process in accordance with the provisions of 28

U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

Long challenges the constitutionality of criminal charges pending against him before

the Circuit Court of Covington County, Alabama.  Under the decision issued by the United

States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court

must refrain from interfering with pending state criminal proceedings "when the moving

party has an adequate remedy at law and will not suffer irreparable injury if denied

equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public

policy against federal interference with state criminal prosecutions."  *Id*. at 43.  In this case,

Long has an adequate remedy at law regarding any claims attacking the propriety of the

pending criminal charges because he may pursue these claims through the state court

system in the on-going state criminal proceedings.  *See generally Doby v. Strength*, 758

F.2d 1405 (11th Cir. 1985).  Specifically, the plaintiff may request that the Circuit Court of

Covington County dismiss the pending criminal charges for the alleged violation of his

right to a speedy trial and, if he receives an adverse ruling from the trial court, he may also

seek relief from the state appellate courts. In addition, the plaintiff has not alleged the

---

[1] The court granted Long leave to proceed *in forma pauperis* in this case.  *Order of August 22, 2014 - Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

existence of any special circumstance which creates a threat of irreparable harm. The mere

fact that Long must endure state criminal proceedings fails to demonstrate irreparable

harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from

considering the merits of Long's claim which place into question the constitutionality of

continued proceedings related to the criminal charges pending against him as such claim

is not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently,

dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be DISMISSED without prejudice prior to service of process in accordance with the

directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before October 28, 2014, the parties may file objections to

---

[2] To the extent that Long seeks release from confinement, it is well settled that a state prisoner may challenge the fact of his imprisonment only by way of a federal petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). An inmate cannot proceed on such a claim in a 42 U.S.C. § 1983 action so as to avert the exhaustion requirements attendant to habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980). In addition, before a claim challenging the fact of an inmate's confinement may be heard in federal court, the inmate must first exhaust available state court remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). These remedies include appropriate motions filed with the state circuit court, any appeal provided by state law for an adverse ruling and, if convicted, a direct appeal and/or Rule 32 petition raising claims which go to the validity of any conviction which may be imposed. In addition, a general state petition for habeas relief is the proper vehicle in which to challenge the amount set for bail/bond on which an inmate is held pending trial. *Ex parte Stokes*, 990 So.2d 852, 856 (Ala. 2008) (internal citations omitted) ("A petition for a writ of habeas corpus is the proper vehicle by which to challenge the setting of allegedly excessive bail.... However, such a petition must be filed within a reasonable time."). Upon full and proper exhaustion in the state courts, the plaintiff may then seek relief from this court with respect to the exhausted claims through an appropriate action for habeas corpus relief.

this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE